IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOHN R. DEMOS,

        Plaintiff,          Civil No. 10-6299-TC

     v.                          FINDINGS AND
                                   RECOMMENDATION

UNITED STATES, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff's Application to proceed in forma pauperis (#1) is allowed. However, for the reasons set forth below, this proceeding should be dismissed without service of process for lack of jurisdiction, failure to state a claim and because it is frivolous. Construed as a petition for habeas corpus relief, the complaint is an improper second and successive petition.

    Plaintiff filed an "Admiralty Complaint" alleging various case citations and "Constitution" as a jurisdictional basis.

1 - FINDINGS AND RECOMMENDATION

Although plaintiff alleges that his "issues involve" Maritime law, commercial law, "merchant law" and Admiralty law, the complaint is a not-so-thinly veiled challenge to his confinement. Accordingly, the Complaint could be construed as a petition for habeas corpus relief. I take judicial notice that plaintiff's petition for habeas corpus relief in Civ. No. 09-63-78 was dismissed by Order (#7) and Judgment (#8) entered March 16, 2010 for lack of jurisdiction, failure to state a claim and because it was frivolous.

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* complaint for failure to state a claim, this court supplies the plaintiff with a statement of

the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).

I take judicial notice that plaintiff is confined in the Stafford Creek Corrections Center in Aberdeen, Washington, serving a sentence for a 1978 first degree burglary conviction out of King County Washington.

As a preliminary matter, I note that habeas relief as to a 1978 conviction is almost certainly time barred. However, even if somehow construed as within the limitations period, a petition for habeas corpus relief under 28 U.S.C. § 2254 by a state prisoner must be filed in either the district of conviction or confinement. *See*, 28 U.S.C. § 2241(d).

As noted above, petitioner is confined in the State of Washington serving a sentence for a Washington conviction. Accordingly the proper venue for a challenge to plaintiff's confinement would be the United States District Court for Washington.

In addition as noted above, plaintiff previously filed a petition for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A) requires petitioners to obtain permission of the Court of Appeals before filing a second or successive petition in the

3 - FINDINGS AND RECOMMENDATION

District Court. If a petitioner does not obtain the required certificate of authorization to file a second or successive petition, the District Court has no jurisdiction to consider the petition. Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001). Petitioner has not obtained the required certificate of authorization to proceed with a second petition.

In addition, a pleading filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. §1915)d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989). A pleading is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Services, 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640. The term "'frivolous' . . . embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325 (footnote omitted); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991); Jackson, 885 F.2d at 640.

Accordingly, in reviewing a complaint for frivolity, a trial court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

"Baseless" claims subject to sua sponte dismissal include those "describing fantastic or delusional scenarios." Neitzke, 490 U.S. at 328; Denton, 112 S.Ct. at 1733; McKeever, 932 F.2d at 798. "[A] finding of factual frivolousness is

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton, 112 S.Ct. at 1733.

In this case, petitioner's allegation that he was captured and "made the booty, and the prize, by pirates disguised as Washington State Law Enforcement Officers" is at best "fanciful" or "delusional." In any event plaintiff's allegations are baseless. and fail to state a claim. The deficiencies of the complaint cannot be cured by amendment.

Plaintiff's Complaint (#1) and this proceeding should be dismissed with prejudice.

To the extent that a certificate of appealability may be relevant to this case, I find that a certificate of appealability should be denied as plaintiff (petitioner) has not made a substantial showing of the denial of a constitutional right. See 2u U.S.C. sec. 2253(c)(2).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual

determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 7^t day of October, 2010.

                                                Thomas M. Coffin
                                                United States Magistrate Judge